UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WARREN F. NELSON,<br>Plaintiff,<br>v.<br>INSUREONE INSURANCE SERVICES AMERICA, LLC<br>Defendants. | Case No. 2:26-cv-2823-JAD-EJY<br>**ORDER** |

Before the Court are Plaintiff's complete *in forma pauperis* ("IFP") application and Complaint for Statutory Damages and Injunctive Relief under the Telephone Consumer Protection Act (the "TCPA"). ECF Nos. 1, 1-1. The IFP is granted and Plaintiff may proceed with his Complaint.

## I. Screening Standard

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere

labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Plaintiff's Complaint**

Plaintiff asserts, and supports with demonstrable facts, that he received 37 unsolicited calls to his telephone number, which is listed on the National Do Not Call Registry. ECF No. 1-1 ¶ 6. All 37 calls were unsolicited telemarketing calls for which no consent was given. *Id*. All calls were made by or on behalf of InsureOne Insurance Services America and originated from four caller ID numbers. *Id*. Plaintiff provides the call dates and times. *Id*. at 3-4. Plaintiff alleges violations of the TCPA under 27 U.S.C. §§ 227(b) and 227(c). Plaintiff calculates his damages and seeks injunctive relief.

The TCPA prohibits making "any call ... using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A). The TCPA defines "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). As recognized by one district court in the

Ninth circuit, plaintiffs will have "difficulty … knowing the type of calling system used without the benefit of discovery" and, therefore, it is appropriate for the Court to rely on details about the call to infer an automatic telephone dialing system was used in making the calls underlying a complaint. *Knutson v. Reply!, Inc.*, Case No. 10cv1267 BEN (WMc), 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011). Here, Plaintiff's allegations and details about the calls he received provide sufficient evidence to state his claims under the TCPA.

**III. Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* application (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint may proceed against InsureOne Insurance Services America, LLC.

IT IS FURTHER ORDERED that the Clerk of Court is to file Plaintiff's Complaint (ECF No. 1-1) on the docket.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for InsureOne Insurance Services America, LLC.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff one USM-285 form, which Plaintiff must complete to the best of his ability and return, no later than **October 2, 2026** to:

Marshal Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. S., Suite 2058
Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for InsureOne Insurance Services America, LLC's registered agent, the individual best served with Plaintiff's Complaint.

IT IS FURTHER ORDERED that the Clerk of Court must deliver the summons, together with one copy of Plaintiff's Complaint (ECF No. 1-1) and one copy of this Order to the U.S. Marshal Service for service on Defendant.

IT IS FURTHER ORDERED that the U.S. Marshal Service must attempt service on Defendant no later than twenty-one (21) days after it receives the completed USM-285 form from Plaintiff. Service on Defendant must include the summons, the Complaint, and a copy of this Order.

Dated this 11th day of September, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE